IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK N. ANDERSON,** | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. 15-00617-WS-B |
| | * | |
| vs. | * | |
| | * | |
| **ALI D. BURGESS STALLEY,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendants' Motion to Dismiss (Doc. 11) and Plaintiff's response in opposition thereto. (Doc. 13). The motion has been fully briefed and has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Having carefully reviewed the motion, the briefs in support of and in opposition to the motion, and the pleadings filed in this matter, the undersigned, for the reasons stated herein, **RECOMMENDS** that the motion be **GRANTED**, and that Plaintiff's Complaint be dismissed.

**I. Proceedings**

On December 4, 2015, Plaintiff Patrick Anderson, proceeding *pro se*, commenced this action against Carolyn Colvin, then Commissioner of Social Security,[1] and Administrative Law Judge

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d), Federal

Ali D. Burgess Stalley.[2]  (Doc. 2).  The five-sentence complaint makes no allegations against the Commissioner but, rather, simply states that Administrative Law Judge Stalley violated "(1) (SSR 0S-1p)[;] (2) 20 C.F.R. 404.1527(c), SSR 96-6p and WL374180[;] and (3) Section 1.00b2d and/or 1.02A or 101.02A[;] (4) 20 C.F.R. 404.1 et. seq. and 416.929(c)[;] (5) SSR 96-7p (1996C WL374186)[;] (6) SSR 96-9p." (Doc. 2 at 1).  As redress for the alleged violations, Plaintiff seeks "one percent (1%) of the Social Security Trust Fund estimate[d] at $2.2 trillion Dollars or (two) $2 Billion Dollars for emotional distress, mental anguish, anxiety, fear, personal indignity, and humiliation."  (Id. at 2).  Plaintiff alleges that this Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1346.[3]  (Id. at 1).

---

Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as a defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff has two other cases pending in this Court arising out of the denial of his claims for social security benefits, namely, Anderson v. Clark, 16-cv-616-WS, and Anderson v. Colvin, 11-cv-61-WS.  The Commissioner has filed a motion to dismiss in Anderson v. Clark, 16-cv-616-WS, which the Court has addressed in a separate order.

[3] 28 U.S.C. § 1367 governs the district court's supplemental jurisdiction.  Because Plaintiff's complaint contains no claims (state law or otherwise) over which this Court's supplemental jurisdiction would extend, this statute has no relevance in this action.  In addition, Plaintiff alleges that the Court has

On February 22, 2016, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 11).  In their motion, Defendants argue that this Court lacks subject matter jurisdiction over this case and that the complaint fails to state a claim upon which relief can be granted.  (Id.).  In his response, Plaintiff reasserts his jurisdictional arguments and argues that the Court should proceed to the merits of the case.

Having considered the submissions of the parties, as well as the pleadings in this case, the Court finds, for the reasons that follow, that Defendants' motion to dismiss is due to be granted.

**II. Standards of Review**

    **A. Rule 12(b)(1).**

Rule 12(b)(1) enables a defendant to move to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant may present either a facial or a factual challenge to subject matter jurisdiction.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  If it is apparent from the face of the complaint that the plaintiff has

---

jurisdiction under 28 U.S.C. § 1346(a)(2), the so-called "Little Tucker Act."  (Docs. 2, 13).  As set forth in detail herein, the exclusive source of federal jurisdiction in this case is 42 U.S.C. § 405(g).  Thus, the Court need not address Plaintiff's jurisdictional arguments relating to other statutes any further.

3

pled facts that confer subject matter jurisdiction under a statute, then a court must deny a defendant's 12(b)(1) motion. Burrell v. County Gov't of Madison Cnty., Alabama, 2016 U.S. Dist. LEXIS 35766, *3, 2016 WL 1086029, *2 (N.D. Ala. Mar. 21, 2016) (citing Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335 (11th Cir. 2013)).  In conducting a facial analysis, a court must take the allegations of the complaint as true. Houston, 733 F.3d at 1335.  In contrast, when a defendant mounts a factual challenge to subject matter jurisdiction, a district court may consider extrinsic evidence and weigh the facts to determine whether it may exercise jurisdiction.  Houston, 733 F.3d at 1336.

### B. Rule 12(b)(6).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A motion made pursuant to Federal Rule of Civil Procedure 12(b)(6) is permitted when a plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to

4

be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto." Wane v. Loan Corp., 552 Fed. Appx. 908, 911 (11th Cir. 2014) (quoting Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  A claim is plausible where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Dismissal for failure to state a claim, then, is appropriate where the plaintiff fails to state a claim that is "plausible on its face." Id.  This is a "context specific task" that requires the reviewing court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679; accord Weinacker v. Baer, 2016 U.S. Dist. LEXIS 113548, *4, 2016 WL 4492822, *1 (S.D. Ala. Aug. 23, 2016).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR

Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989); accord Vaughan v. Postal Employees, 2014 U.S. Dist. LEXIS 97549, *6 (S.D. Ala. June 25, 2014), *adopted by* 2014 U.S. Dist. LEXIS 97103, 2014 WL 3540575 (S.D. Ala. July 17, 2014).

### III. Discussion

The Court's first consideration in this case is to inquire into its jurisdiction, United States v. Denedo, 556 U.S. 904, 909 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Indeed, it is axiomatic that the United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." Jackson v. Astrue, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting Lehman v. Nakshian, 453 U.S. 156, 160 (1981)).

In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the decisions of the Commissioner of Social Security,

6

providing that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."  As such, the remedies outlined in that statute are the *exclusive source of federal court jurisdiction* over cases involving review of administrative orders and judgments from the Social Security Administration.  See Jackson, 506 F.3d at 1353; 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); Sherman v. Secretary of HHS, 1988 WL 252437, *2 (N.D. Ala. Dec. 22, 1988) ("The exclusive method for judicially reviewing unfavorable administrative decisions on claims arising under Title II of the Social Security Act is found in § 205(g) of the Act, 42 U.S.C. § 405(g).").

Plaintiff's five-sentence complaint, and the sparse allegations contained therein, can only be construed as seeking review of an adverse decision of the Social Security Administration, as evidenced by Plaintiff's assertion that Defendant Administrative Law Judge Stalley, in rejecting his claim for benefits, violated a variety of Social Security regulations and rulings applicable to a claim for social

7

security benefits.  (Doc. 2).  In addition, in his brief in support of his complaint, Plaintiff details multiple errors that Administrative Law Judge Stalley allegedly committed in denying his claim for social security benefits, including failing to find that his obesity was a severe impairment, failing to assign the appropriate weight to the opinions of the consultative physicians who examined him, and failing to base his residual functional capacity on substantial evidence.  (Doc. 3 at 2-6).

Because Plaintiff seeks this Court's review of an adverse decision by the Commissioner of Social Security and Administrative Law Judge Stalley, the only source of jurisdiction over this case is 42 U.S.C. § 405(g), and the Court finds that Plaintiff's *pro se* allegations, construed very liberally, are sufficient to establish jurisdiction thereunder.

The Court now turns to Defendants' motion to dismiss for failure to state a claim.  As noted previously, when Plaintiff commenced this action, he already had a pending action in this Court against then Commissioner of Social Security, Carolyn Colvin, for review of the Social Security Administration's denial of his claim for social security benefits, namely, Anderson v. Colvin, 11-cv-61-WS.[4]  That case remains pending in

---

[4] The record in Anderson v. Colvin, 11-cv-61-WS shows that, on February 4, 2011, Plaintiff filed an action appealing the denial of his claim for social security benefits.  (See 11-cv-61-WS, Doc. 1).  The case was remanded by this Court on October 19,

8

this Court.

To the extent that Plaintiff attempts to distinguish the present action from Anderson v. Colvin, 11-cv-61-WS, by including an additional Social Security Defendant, namely, Administrative Law Judge Stalley, the attempt fails. The law is clear that the Commissioner of Social Security is the only proper defendant in an action challenging the denial of Social Security benefits. 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). 20 CFR 422.210(d) elaborates:

> Proper defendant. Where any civil action described in paragraph (a) of this section is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.

---

2011 for further administrative proceedings under sentence six of 42 U.S.C. § 405(g). (Id., Docs. 25, 26). On August 29, 2014, the ALJ issued a new, unfavorable decision finding that Plaintiff is not disabled. (Id., Doc. 59, Tr. 18-59). The Appeals Council denied Plaintiff's request for review on October 7, 2015. (Id., Doc. 59, Tr. 1868). The case was reopened in this Court on January 11, 2016, and remains pending. (Doc. 52).

9

20 CFR § 422.210.

Because the Commissioner is the only proper Defendant in an action in which a claimant seeks court of an adverse decision by the Social Security Administration, Plaintiff's claims in this case against Administrative Law Judge Stalley fail to state a claim upon which relief can be granted. See Smith v. Medicare Appeals Unit, 2012 U.S. Dist. LEXIS 17135, *7, 2012 WL 442983, *3 (S.D. Ga. Jan. 23, 2012), *adopted by*, 2012 U.S. Dist. LEXIS 17137, 2012 WL 442780 (S.D. Ga. Feb. 10, 2012) (holding that the "only proper defendant" in an action under § 405(g) is "the Commissioner" and that the remaining defendant, the Medicare Appeals Unit, "should be dismissed.") (citing Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010); Matic v. Bahri, 2010 U.S. Dist. LEXIS 126345, *5-6 n.1, 2010 WL 4940723, *2 n.1 (M.D. Fla. Nov. 30, 2010)); see also Muller v. Commissioner of Soc. Sec., 2013 U.S. Dist. LEXIS 95793, *10-11, 2013 WL 3456959, *4 (E.D. Cal. July 9, 2013) ("The Commissioner of Social Security, presently, Carolyn W. Colvin, is the proper defendant in an action challenging the denial of Social Security benefits."); Bell v. Commissioner of Soc. Sec., 2013 U.S. Dist. LEXIS 53699, *9-10, 2013 WL 1623806, *4 (E.D. Cal. Apr. 15, 2013) (dismissing Plaintiff's complaint against the Office of Disability Adjudication and Review and holding that Plaintiff could proceed only against the Commissioner of Social Security

in an action challenging the denial of social security benefits); accord Williams v. Barnhart, 2005 U.S. Dist. LEXIS 43501, *1 n.1, 2005 WL 6197490, *1 n.1 (D.S.C. Nov. 22, 2005), *aff'd*, 179 Fed. Appx. 885 (4th Cir. 2006) (holding that the Commissioner, not the Office of Hearings and Appeals is the proper defendant in an action challenging the denial of social security benefits). Based on the foregoing authorities, Plaintiff's claims against Defendant Administrative Law Judge Ali D. Burgess Stalley are due to be dismissed.

Next, Plaintiff asserts a claim for 1% of the Social Security Trust Fund as compensation for his suffering from the denial of his disability claim. (Doc. 2 at 2). However, "a claimant pursuing relief under Section 405(g) may not seek or receive consequential and punitive damages." Kenney v. Barnhart, 2006 U.S. Dist. LEXIS 51068, *23, 2006 WL 2092607, *7 (C.D. Cal. July 26, 2006) (holding that Plaintiff's claim for "consequential damages flowing from the erroneous reporting of the overpayment debt to consumer reporting agencies" by the Social Security administration was not allowed by § 405(g)). Because the damages that Plaintiff seeks in this action are not legally cognizable under § 405(g), Plaintiff's claim for relief fails as a matter of law.

Finally, having found that Plaintiff's claims against Defendant Stalley and for consequential damages are due to be

dismissed, Plaintiff is left with a duplicative action under § 405(g) against the Commissioner of Social Security. Because Anderson v. Colvin, 11-cv-61-WS, was filed before the current action and is still pending in this Court, the present action is merely duplicative thereof and is, therefore, due to be dismissed. See Jones v. Colvin, 2014 U.S. Dist. LEXIS 78348, *1-2, 2014 WL 2590967, *1 (D.D.C. May 6, 2014) (dismissing *pro se* plaintiff's duplicative social security action).

Accordingly, for each of the foregoing reasons, Plaintiff's complaint is due to be dismissed in its entirety.

## IV. Conclusion

For the reasons set forth herein, it is hereby **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and as duplicative of Plaintiff's pending action, Anderson v. Colvin, 11-cv-61-WS.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **February, 2017.**

> /s/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**